UNITED STATES DISTRICT COURT
for the
NORTHERN DISTRICT OF FLORIDA

**ASHLEY ANDERSON**                                  Case No.:

               Plaintiff,     **VERIFIED COMPLAINT AND DEMAND FOR TRIAL BY JURY**

vs.

**WAL-MART STORES, INC.,**

               Defendant.
_____/

**COMPLAINT**
**NATURE OF ACTION**

Plaintiff, **ASHLEY ANDERSON** (hereinafter referred to as "Plaintiff" or "Ms. ANDERSON"), by and through her undersigned attorney, **sues** Defendants **WAL-MART STORE NUMBER 3439**, located at 9360 Navarre Parkway, Navarre, FL, 32566, and doing business in the State of Florida (hereinafter referred to as "Defendants") for damages in excess of $ 50, 000 for violations of her civil rights occurring during her employment relationship with Defendants. Plaintiff sues Defendants under Title VII of the Civil Rights Act of 1964 and 1991, as amended, 42 U.S.C. Section 2000e *et seq.* ("Title VII"), the Civil Rights Act of 1871, as amended, 42 U.S.C. Section 1981 ("Section 1981"), and the Florida Civil Rights Act of 1992, Section 760.01 *et seq.,* Florida Statutes ("FCRA").

1

## JURISDICTION AND VENUE

1. This Court's jurisdiction is invoked pursuant to 28 U.S.C. Sections 451, 1331, 1337 and 1343.  This action arises under 42 U.S.C. Sections 2000e *et seq.* and 42 U.S.C. Sections 1981 and 1981a.

2. This Court has supplemental jurisdiction over Plaintiff state law claims pursuant to 28 U.S.C. Section 1367.

3. Plaintiff has exhausted her administrative remedies.

4. Plaintiff's charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") on May 5, 2014 based upon Race and Retaliation. Plaintiff initiated this action within ninety (90) days of receipt of the EEOC's Notice of Right to Sue, dated September 24, 2014.  All conditions precedent to institution of this action by Plaintiff has been fulfilled.

5. Pursuant to 28 U.S.C. Section 1391, venue of this action is proper in the Northern District of Florida.

## PARTIES

6. At all times material hereto, Defendant continuously has been doing business in the State of Florida and Santa Rosa County, and continuously has had at least 15 employees.  At all times material hereto, Defendant continuously has been an employer engaged in an industry effecting commerce within the meaning of Title VII and the Florida Civil Rights Act. <u>See</u> 42 U.S.C. Section 2003 *et seq.*, and Section 760.02(7), Florida Statutes.

7. Plaintiff is an African-American female person, now is residing in Santa Rosa County, Florida. At all times material hereto, Plaintiff was employed by Defendant until her termination on January 5, 2013.

## FACTUAL ALLEGATIONS

8. At all times material hereto, Plaintiff was employed by Defendant.

9. Plaintiff was hired by the Defendant on January 2, 2007. Her position she held was Customer service.

10. The Plaintiff, an African-American woman was terminated by the defendant, Wal-Mart, while her white American husband was suing Wal-Mart to get his job back. The Plaintiff, was terminated for missing too many days in a six month period. Due to higher management above and outside of the store who claims they did a random check and found that 3 employees missed too many days in a six month period and each were terminated. The other employees who were terminated did open doors and their termination were overturned and received their jobs back. Although, the Plaintiff did the same open doors, the Plaintiff was refused her job back. All the days the Plaintiff missed were approved by her manager and were for taking care of her children while they were sick or while the Plaintiff was sick. The Plaintiff believes Wal-Mart discriminated against her because of her race and gender, and retaliation for my husband's lawsuit against Wal-Mart for unjustly firing him due to his disability.

11. The Plaintiff met with the head of her department on many occasions and has met with the Human Resource Department on several occasions and times without any correction of the incidents or discipline.

12. Plaintiff was written up on many occasions as a direct result of her complaints as retaliation for complaining about incidents.

13. The Managers and Supervisors allowed the hostile work environment to continue with no retribution to them and Plaintiff as a pre-text was retaliated as a result of the discriminatory policies of the Defendant, violating both Federal and State Civil right laws until her wrongful termination.

14. As a result of this intentional discriminatory action by Defendant and violative conduct based upon her national origin, the Plaintiff was retaliated against while on the other hand, her comparators were not for similar factual issues.

## COUNT I

### DEFENDANTS HAVE VIOLATED TITLE VII
### (Disparate Treatment) AND SECTION 1981

15. Plaintiff adopts and realleges paragraphs 1-14 above as if incorporated herein.

16. Plaintiff is a member of a protected class because of her color of her skin.

17. The Defendant is an employer that employs over 100 people, and is subject to 42 U.S.C. Section 2000e et seq.

18. That the Plaintiff throughout her tenure with Defendants suffered disparate treatment and a hostile work environment in the terms and conditions of her employment being subjected a hostile work environment as described in paragraphs _____ because of her race. That upon complaining to her Managers and Human Resource Department as set forth above paragraphs, Defendants did nothing and in fact participated and continued in the hostile environment against the Plaintiff, and Plaintiff was retaliated as a result of the complaints and terminated.

4

19. That the hostile work environment that Plaintiff was subjected too was ignored by the Defendants, and continued against the Plaintiff.

20. The Defendant has intentionally discriminated against the Plaintiff in particular in violation of Title VII, 42 U.S.C. Section 2000e et seq. by disparate treatment of Plaintiff.

21. The effect of the actions complained of as aforementioned has been to deprive the Plaintiff of equal employment opportunities, and otherwise to adversely affect her status as employee.

22. The unlawful employment practices complained of were intentional.

23. The unlawful employment practices against the Plaintiff were done with malice or reckless indifference to the Plaintiff's federally protected rights.

24. As a direct and proximate result of Defendant's unlawful employment practices, the Plaintiff was emotionally harmed, suffered, and will continue to suffer, a loss of wages and other employment benefits, a loss of earning capacity, damages to her professional reputation, a loss of dignity, a loss of the enjoyment of life, embarrassment, humiliation, and other forms of mental anguish and distress.

Wherefore, Plaintiff requests this Court issue an order against Defendants awarding the Plaintiff compensatory damages, Punitive Damages, lost back pay, and/or front pay, attorney's fees and costs, together with such other relief as this Court deems just and proper.

## COUNT II

## CLAIM OF RACE
## DISCRIMINATION IN VIOLATION OF THE FLORIDA
## CIVIL RIGHTS ACT

25. Plaintiff adopts and realleges paragraphs <u>1-14</u> above as if <u>incorporated herein</u>.

26. Defendants discriminated against Plaintiff because of color of her skin in violation of the FCRA, by creating, tolerating and fostering a hostile and abusive work environment.

27. That the Plaintiff throughout her tenure with Defendants suffered disparate treatment and a hostile work environment in the terms and conditions of her employment being subjected a hostile work environment as described in paragraphs . That upon complaining to her Managers and Human Resource Department as set forth above paragraphs, Defendants did nothing and in fact participated and continued in the hostile environment against the Plaintiff, and Plaintiff was retaliated as a result of the complaints.

28. That the hostile work environment that Plaintiff was subjected too was ignored by the Defendants, and continued against the Plaintiff.

29. The Plaintiff was not provided the same terms, condition and privileges as her comparators.

30. The Defendants has intentionally discriminated against the Plaintiff in particular in violation of FCRA. Florida Statutes by disparate Treatment and Hostile Work Environment of Plaintiff.

31. The effect of the actions complained of as aforementioned has been to deprive the Plaintiff of equal employment opportunities, and otherwise to adversely affect her status as employee.

32. The unlawful employment practices complained of were intentional.

33. The unlawful employment practices against the Plaintiff were done with malice or reckless indifference to the Plaintiff's freedom from discrimination within the State of Florida.

34. As a direct and proximate result of Defendant's unlawful employment practices, the Plaintiff was emotionally harmed, suffered, and will continue to suffer, a loss of wages and other employment benefits, a loss of earning capacity, damages to her professional reputation, a loss of dignity, a loss of the enjoyment of life, embarrassment, humiliation, and other forms of mental anguish and distress.

Wherefore, Plaintiff requests this Court issue an order against Defendant awarding the Plaintiff compensatory damages, Punitive Damages, lost back pay, and/or front pay, attorney's fees and costs, together with such other relief as this Court deems just and proper.

## COUNT III

### PLAINTIFF'S CLAIM OF RETALIATION IN VIOLATION OF TITLE VII AND FCRA

35. Plaintiff adopts and realleges paragraphs <u>1-14</u> above as if <u>incorporated herein</u>.

36. That the Defendant retaliated against the Plaintiff as <u>described in paragraphs.</u>

37. Defendants took adverse employment action against Plaintiff as described above paragraphs because of her complaints of discrimination and filing EEOC charge by her husband, Christopher Parker, EEOC Charge number #425-2012-00469 and case #3:12cv497 filed in this court.

38. Defendant's adverse action against Plaintiff was in violation of Title VII provisions and FCRA Statutes.

39. Defendant's adverse employment action was intentional, and with malice or reckless indifference to the federally and state protected rights of Plaintiff.

40. As a direct and proximate result of Defendant's unlawful employment practices, the Plaintiff was emotionally harmed, suffered, and will continue to suffer, a loss of wages and other employment benefits, a loss of earning capacity, damages to her professional reputation, a loss of dignity, a loss of the enjoyment of life, embarrassment, humiliation, and other forms of mental anguish and distress.

Wherefore, Plaintiff requests this Court issue an order against Defendant awarding the Plaintiff compensatory damages, Punitive Damages, lost back pay, and/or front pay, attorney's fees and costs, and, together with such other relief as this Court deems just and proper.

## **VERIFICATION OF DOCUMENT**

UNDER PENALTIES OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING VERIFIED COMPLAINT AND THAT THE FACTS STATED ARE TRUE AND CORRECT.


/s/ Ashley Anderson
ASHLEY ANDERSON


## DEMAND FOR TRIAL BY JURY

**DATED:**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury on all issues triable of rights by a jury.

        Respectfully submitted,

        Romano Law Center, P.A.

        *Attorneys for Plaintiff*

        2255 Glades Road
        Suite 324A
        Boca Raton, Florida 33431
        (561) 271-1769 tel.

        By:  *s/*Jay F. Romano
              Jay F. Romano
              Trial Attorney
              Florida Bar No.: 0934097

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a true and correct copy has been forwarded this 17th day of October , 2014, by CM/ECF filing.

s/Jay F. Romano
Jay F. Romano